IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERONICA GAMBLE,
*Guardian and Next Friend of L.M., a minor*                                                  PLAINTIFF

v.                                  Case No. 4:16-cv-00209 JLH

LITTLE ROCK SCHOOL DISTRICT, et al.                                              DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### **Instructions**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Plaintiff may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Disposition**

This matter was referred to the undersigned for recommended disposition, as appropriate, of all pretrial matters. Pending before the Court are Plaintiff's Motion for Leave to Proceed in forma pauperis (DE #1) and Motion to Appoint Counsel (DE #3).

The Complaint is illegible at times and lacks compliance with the Federal Rules of Civil Procedure. Plaintiff Gamble is the parent or guardian of L.M., the named minor in this matter. Pursuant to Fed. R. Civ. P. 5.2, and to protect the privacy of the named minor, the Clerk is directed to restyle the case as Veronica Gamble, *Guardian and Next Friend of* L.M., a minor. The original complaint is ordered to be placed under seal.

Along with the Complaint, Plaintiff submitted an application to proceed in forma

pauperis (DE #1). Based on the declaration submitted with the application, the Court grants the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The *in forma pauperis* statute requires the Court to perform a screening function and to dismiss certain types of suits; the statute requires that a lawsuit be dismissed if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While *sua sponte* dismissals are disfavored, "[s]ection 1915(e)(2)(B) applies to both prisoner and non-prisoner *in forma pauperis* cases." *Fletcher v. Jasper Police Dep't*, Case No. 1:09-cv-977, 2012 WL 5878807 (E.D. Tex. Oct. 18, 2012) (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002)). *See also* Charles Alan Wright, et al., 16AA Fed, Prac. & Proc. Juris. § 3970 (4th ed.) ("The [Prison Litigation Reform Act (PRLA)] also made some changes that affect non-prisoner litigants. In particular, the PRLA amended what is now Section 1915(e)(2) concerning the dismissal of a case. The current statutory language is mandatory ('shall dismiss') and adds to the list of reasons for dismissal that the action fails to state a claim or that it seeks monetary relief against a defendant who is immune from such relief."); *Bey v. Superior Protection, Inc.*, Case No. 4:08-cv-04191 JLH, 2009 WL 1058054 (E.D. Ark. Apr. 20, 2009) ("Although many of the provisions in § 1915 specifically refer to and apply only to prison inmates, the language in § 1915(e)(2) does not distinguish between prisoner and non-prisoner complaints. Under this provision, the court must dismiss a complaint at any time it determines the claims raised are legally frivolous or malicious, fail to state a claim for relief or seek monetary relief against a defendant who is immune from

damages."); *Zessin .v Nebraska Health & Human Servs.*, Case No. 8:07CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases).

Plaintiff's action fails to state claims upon which relief may be granted. Veronica Gamble alleges the Defendants violated L.M's constitutional rights along with many other incognizable actions under federal law. The pleading under Fed. R. Civ. P. 8 requires a short and plain statement of the grounds for the court's jurisdiction, along with a short and plain statement of the claim showing that Plaintiff is entitled to relief and a demand for the relief sought. The Complaint fails to provide this required information. Plaintiff Gamble merely states that she wants "justice" because "the whole student body is in danger." Because the Court finds that Plaintiff fails to state a claim upon which relief may be granted, the Court dismisses the complaint without prejudice.

Also before the Court is Plaintiff's Motion to Appoint Counsel (DE #3). Because the Court dismisses Plaintiff's claims, the Court denies as moot the motion to appoint counsel.

In case Plaintiff decides to refile this matter, she is directed to adhere to the federal and local rules. Additionally, Plaintiff should: (a) provide the complete name and address of each named person for purposes of service; (b) provide a legible handwritten or typewritten complaint that provides a plain and concise statement regarding the court's jurisdiction, claims for relief, and the demand for relief; and (c) sign and swear to the complaint.

IT IS THEREFORE ORDERED THAT:

1. The Court grants Plaintiff's application to proceed in forma pauperis (DE # 1).

2. The Court dismisses the complaint without prejudice.

3. The Court denies as moot Plaintiff's motion to appoint counsel (DE #3).

SO ORDERED this 29th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE